UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HARVEY PRESTON,

Plaintiff,

v.

TERRY WILKINS et al.,

Defendants.

Case No. 2:26-cv-34

Honorable Paul L. Maloney

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This action was initially filed in the District Court for the Eastern District of Michigan but was transferred to this Court on February 17, 2026. (ECF No. 5.) Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2); however, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

*pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

> which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Preston v. White*, No. 2:03-cv-249 (W.D. Mich. Jan. 7, 2004); *Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich. Dec. 5, 2003). In addition, the Court previously has denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule. *See Preston v. Wilkins et al.*, 2:25-cv-272 (W.D. Mich. Mar. 16, 2026); *Preston v. Bonn*, No. 1:25-cv-389 (W.D. Mich. Aug. 28, 2025); *Preston v. Bonn et al.*, No. 1:25-cv-29 (W.D. Mich. Mar. 7, 2025); *Preston v. Hoffman et al.*, No. 2:24-cv-179 (W.D. Mich. Nov. 22, 2024); *Preston v. Bonn et al.*, No. 1:24-cv-588 (W.D. Mich. July 2, 2024); *Preston v. Davids*, No. 1:24-cv-416 (W.D. Mich. May 7, 2024); *Preston v. Rewerts et al.*, No. 1:24-cv-304 (W.D. Mich. Apr. 25, 2024); *Preston v. Russell*, No. 1:21-cv-312 (W.D. Mich. Apr. 29, 2021); *Preston v. Davids*, No. 1:18-cv-803 (W.D. Mich. Aug. 8, 2018); *Preston v. Smith et al.*, No. 1:18-cv-84 (W.D. Mich. Feb. 2, 2018); *Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich. Sept. 30, 2016).

As explained below, in this action, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan and the events about which he complains occurred at that facility. Plaintiff sues the following AMF staff: Warden Terry Wilkins, Assistant Deputy Warden Chester Dems, Assistant Deputy Warden Shawn

Minerick, Assistant Deputy Warden Marsha Nurkala, Resident Unit Manager Timothy Wilson, Prison Counselor (PC) Bobby Holley, PC Sue Kolwalski, and PC Eric Stromer. (Compl., ECF No. 1, PageID.2–4.)

Plaintiff alleges that on February 2, 2026, he was threatened by a "security threat group" at AMF.[2] (*Id.*, PageID.9.) The threats Plaintiff received from the security threat group were "threats of stabbing, food poisoning, cell rushing [him] and killing [him]." (*Id.*) Plaintiff also alleges that on that date he "received poison food trays from [the] security threat group . . . [for] breakfast, lunch, and dinner." (*Id.*) Then, on February 4, 2026, Plaintiff alleges that a non-party unit officer opened Plaintiff's cell door "for the security threat group." (*Id.*) Plaintiff walked out of his cell but when he "return[ed] back immediately, . . . [his] cell door was closed." (*Id.*) Plaintiff states that he "fear[s] for [his] life and safety. [He] is alarmed and terrified." (*Id.*)

Plaintiff alleges that on February 2, 2026, he "talked, communicated, [and] kited" his request for protective custody to Defendants Wilkins, Dems, Minerick, Nurkala, Wilson, Holley, Kolwalski, and Stromer. (*Id.*, PageID.7, 9.) Plaintiff also claims that the Defendants "all have knowledge of [the] unit's security threat group." (*Id.*, PageID.7.) Further, Plaintiff lists several incarcerated individuals (all non-parties) as being affiliated with the security threat group. (*See id.*, PageID.17), and Plaintiff lists the dates of February 2, 2026, through February 5, 2026, between 7:00 a.m. through 10:00 p.m. as pertaining to the threats he received. (*Id.*, PageID.7.)

For the reasons set forth below, the Court concludes that Plaintiff has failed to allege any facts which support a finding that he was in imminent danger at the time he filed this lawsuit. With respect to Plaintiff's allegations that he has been threatened by a security threat group and that

---

[2] In this opinion, the Court corrects the punctuation and capitalization in quotations from Plaintiff's filings.

Defendants have failed to place him into protective custody, Plaintiff's allegations "'must be sufficient to allow a court to draw reasonable inferences' that the threat is 'real and proximate' and that the 'danger of serious physical injury' exists." *Jackson v. Bolton*, No. 23-1701, 2024 WL 314530 at *2 (6th Cir. Jan. 24, 2024) (quoting *Vandiver*, 727 F.3d at 585). In *Jackson*, the Sixth Circuit concluded that Jackson had sufficiently alleged that a threat to kill him if he pursued lawsuits set forth imminent danger of serious physical harm because Jackson had alleged that he found a razor blade in a biscuit, and also because his "allegations were specific as to the person who made the threat, the content of the threat, and the date, time, and place that the threat occurred." *Id.* In contrast, Plaintiff's allegations present vague, non-specific allegations regarding threats. Plaintiff alleges that on February 2, 2026, the "security threat group" threatened to stab, poison, cell rush, and kill him, but Plaintiff does not provide any details as to who specifically made the threat, or the time, place, or context that the threat occurred, let alone that he had advised Defendants of any specific threats. (Compl., ECF No. 1, PageID.9.) Further, Plaintiff alleges he "talked, communicated, [and] kited" his request for protective custody to Defendants on February 2, 2026, but provides no details regarding what he specifically told Defendants or Defendants' responses. In short, Plaintiff asks the Court to fabricate plausibility to his claim from mere ambiguity; but ambiguity does not support an inference of real and proximate danger of serious physical injury.

With regards to Plaintiff's allegation that a non-party officer opened Plaintiff's cell door on February 4, 2026, Plaintiff states in a conclusory manner that his cell was opened "for the security threat group," but there is nothing to suggest there was any danger of serious physical injury. Indeed, based on Plaintiff's allegations, nothing happened on that occasion besides Plaintiff's cell door being opened and closed. This vague allegation does not allow the Court to

draw a reasonable inference that a threat is "real and proximate." *See Jackson*, No. 23-1701, 2024 WL 314530 at *2.

Additionally, Plaintiff's assertions that his food was poisoned and that the security threat group has threatened to poison his food fail to demonstrate that he is in imminent danger of serious physical injury. Plaintiff has routinely made similar allegations at different prisons, beginning as early as 2003, which this Court held were inadequate to state a claim because they were conclusory. *See Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004) (dismissing for failure to state a claim Plaintiff's complaint that the defendant must have tampered with his meal at the Marquette Branch Prison because he felt an immediate throbbing on both sides of his neck after the defendant gave him his food tray); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich.) (attaching grievances alleging Oaks Correctional Facility personnel poisoned his food on numerous occasions); *see also Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich.) (alleging that health services ignored his conclusory complaints that personnel at the Marquette Branch Prison poisoned his food on many occasions, causing him head and chest pain). Likewise, this Court has previously denied leave to proceed *in forma pauperis* under the imminent-danger exception based on nearly identical, wholly conclusory allegations that his food was poisoned in 2017, 2024, 2025, and again in early 2026. *See Preston v. Wilkins et al.*, 2:25-cv-272 (W.D. Mich.); *Preston v. Bonn et al.*, No. 1:25-cv-29 (W.D. Mich.); *Preston v. Hoffman et al.*, No. 1:24-cv-588 (W.D. Mich.); *Preston v. Davids*, No. 1:24-cv-416 (W.D. Mich.); *Preston v. Rewerts et al.*, No. 1:24-cv-304 (W.D. Mich.); *Preston v. Smith et al.*, No. 1:18-cv-84 (W.D. Mich.). Here, Plaintiff summarily concludes that his food was poisoned on February 2, 2026. Instead of Plaintiff alleging that any of the Defendants are poisoning his food, he vaguely attributes the poisoning here and the threat of future poisoning to a "security threat group." Plaintiff does not allege any facts to explain how the "security threat

group" was involved, let alone that Defendants had any involvement in, or knowledge, of these actions. In sum, Plaintiff's conclusory allegations with no supporting facts are insufficient to demonstrate that Plaintiff is in imminent danger of serious physical injury.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## **Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated: August 13, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge